876 So.2d 641 (2004)
Scotty MERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-686.
District Court of Appeal of Florida, Fifth District.
June 18, 2004.
*642 Scotty Merson, Avon Park, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Judy Taylor Rush, Assistant Attorney General, Daytona Beach, for Appellee.
PETERSON, J.
Scotty Merson appeals the summary denial of his Florida Rules of Criminal Procedure 3.853 motion for DNA testing. Merson was convicted in 1991 for the sexual battery of a child less than twelve years of age and burglary of a dwelling with a battery. Those convictions were affirmed in Merson v. State, 590 So.2d 428 (Fla. 5th DCA 1991).
The 3.853 motion alleges that a standard sexual assault kit was used to collect evidence from the victim and although the collected evidence, in the form of vaginal swabs, scrapings and clothing, were subjected to DNA tests in 1991, the technology used at that time was still in its infancy and required larger samples than were available. He claims that current mitochondrial DNA technology is available to determine whether any residual saliva exists on the vaginal swabs and that the tests would show that his DNA does not match the sample.
The trial court found that any physical evidence that may have contained DNA evidence had been destroyed and denied the motion on that ground. The record does not support the trial court's finding. The record contains a "Disposition of Property" form listing five items that appear to be receipt numbers. The form does not describe the property that was listed in the receipts. The record also contains two receipts, the numbers of which match two of the numbers on the "Disposition of Property" form. Those receipts describe the property that was received for destruction, but do not include the vaginal swab sought by Merson.
One must conclude that two possibilities exist with respect to the vaginal swab. Either that swab was listed on one of the remaining three receipts, or it was not listed and may still be in the possession of law enforcement authorities. Otherwise, the conclusion that the swab has been destroyed is not supported by the record.
Because the only ground stated by the trial court in denying the rule 3.853 motion was that evidence had been destroyed, we must vacate the denial and remand for further proceedings to determine:
(1) whether any of the remaining three receipts can be found, and if found, whether they list any items that would provide pertinent DNA samples; or
(2) if the receipts or other proof of destruction cannot be found, conduct an evidentiary hearing; or
(3) determine whether Merson's motion is insufficient on other grounds.
ORDER VACATED; REMANDED.
ORFINGER and TORPY, JJ., concur.